**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DR. VINCENT FRIEDEWALD and** | § | |
| **JULIE D. FRIEDEWALD** | § | |
| | § | |
| **VS.** | § | **NO. A-19-CV-943-RP** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS TRUSTEE, ET AL.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Motion for Summary Judgment (Dkt. No. 22). Plaintiffs

have failed to file a Response. The District Court referred the Motion to the undersigned Magistrate

Judge for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C

of the Local Rules.

**I. FACTUAL BACKGROUND**

This is a foreclosure case involving a defaulted home equity loan. Plaintiffs Dr. Vincent and

Julie Friedewald originally filed suit in state court challenging foreclosure of property located at

26305 Countryside Drive, Spicewood, Texas 78669 (the Property), asserting a breach of contract

claim. Dkt. No. 1-4 at 2. Defendant Deutsche Bank National Trust Company removed to federal

court and subsequently filed counterclaims seeking a judgment authorizing foreclosure and a

declaration of its right to foreclose. Dkt. No. 7.

The following facts are undisputed. On or about June 29, 2006, Dr. Vincent Friedewald, as

Borrower executed a $480,000.00 Texas Home Equity Note in favor of original lender Long Beach

Mortgage Company and its assigns. Dkt. No. 22-2. On the same date, both Friedewalds executed a

Texas Home Equity Security Instrument (Deed of Trust) that was recorded in the real property records of Travis County, establishing a first lien on the Property.  Dkt. No. 22-3. As part of this transaction, the Plaintiffs also executed a Texas Home Equity Affidavit and Agreement. Dkt. No. 22-4. On or about May 15, 2013, while in default on the payment obligations, the Friedewalds executed a Loan Modification Agreement. Dkt. No. 22-5. On or about May 23, 2018, when again in default on payment obligations the Friedewalds executed a second Loan Modification Agreement. Dkt. No. 22-6. Through assignment, the Deed of Trust was assigned from the original mortgagee under the Loan to Deutsche Bank. Dkt. No. 22-7.

The Friedewalds have failed to timely pay the June 1, 2018, mortgage payment and all subsequent payments due under the Loan.[1] Dkt. No. 22-1. On July 19, 2018, Notice of Default was sent to the Freidewalds by certified mail. Dkt. No. 22-8. On December 3, 2018, the Friedewalds were sent a Notice of Acceleration. Dkt. No. 22-9. Deutsche Bank maintains that the payment obligations under the Loan were also accelerated by the filing of its counterclaims in this action at a time when the payment obligations under the Loan remained in default. Dkt. No. 14.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such

---

[1]From this point forward, the Note, Deed of Trust, and modification agreements are referred to as the "Loan".

that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is merely colorable ... or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249 (citations omitted); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of

contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

### III. ANALYSIS

The Friedewalds assert a breach of contract claim. Dkt. No. 1-4. Deutsche Bank counterclaims seeking an order authorizing foreclosure and a declaration of its right to foreclose. Dkt. No. 7. Deutsche Bank's summary judgment evidence is uncontroverted as the Friedewalds have failed to respond to its motion, and have presented none of their own summary judgment evidence to the Court.

### A.   Breach of Contract Claim

In their original petition filed in state court, the Friedewalds assert that Deutsche Bank obtained an Order Allowing Foreclosure of the Property, and that the Property was set for foreclosure on September 3, 2019. In their petition, they argue that they did not receive the proper notices from Deutsche Bank and did not receive a full and proper accounting properly setting forth the alleged events of default. The Friedewalds additionally assert that they never received proper notice that the note had been transferred and there is a question as to the true owner of the note. The Friedewalds maintain that Deutsche Bank's failure to provide notice and an accounting constitutes a breach of contract, and that Deutsche Bank has otherwise failed to fulfill its obligations under the express terms of the contract. Dkt. No. 4-1 at 2.

In Texas, there are four essential elements to a breach of contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).

The uncontroverted summary judgment evidence demonstrates that Deutsche Bank did not breach its contract with the Friedewalds. First, the Friedewalds cannot establish they actually performed on the subject contract as is required—the evidence is that the Friedewalds were in default on the subject Loan and remain in default. The Friedewalds cannot prevail on a breach of contract claim when they are in default. *Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016). Second, there is no provision of the Note and Deed of Trust that requires an accounting, so any breach of contract claim based on a failure to carry out these actions is without merit. Dkt. Nos. 22-1, 22-2, and 22-8. Third, the summary judgment evidence shows that the Friedewalds were provided with the notice of default and notice of acceleration in compliance with the requirements of the contract and applicable law, so they cannot allege breach on these bases. Dkt. Nos. 22-8 and 22-9; *see Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (holding that, under Section 51.002 of the Texas Property Code, service of a notice "is complete when the notice is sent via certified mail" and that "[t]here is no requirement that [the debtor] receive the notice"). Fourth, no foreclosure sale is alleged to have occurred or has occurred, and therefore the Friedewalds cannot support a claim of damages, even had they not received the proper notice and accounting.

As to the issue of whether Deutsche Bank has the authority to foreclose, Deutsche Bank's summary judgment evidence establishes that it is the mortgagee under the Loan and is the owner and holder of the subject note. Dkt. Nos. 22-1, 22-2, and 22-7. Deutsche Bank has offered uncontroverted summary judgment evidence of the assignments of the subject Deed of Trust from the original mortgagee to Trustee Deutsche Bank thereby establishing its standing to foreclose. Dkt. No. 22-7. Lastly, the Friedewalds do not allege any facts supporting that they have made the contractually

required payments to cure the mortgage default or to satisfy the accelerated Loan balance, as required to avoid foreclosure. Accordingly, they have not and cannot show compliance with the terms of the subject Loan, a breach by Deutsche Bank, or any resultant damages. The Friedewalds' breach of contract claim fails as a matter of law and Deutsche Bank is entitled to summary judgment on that claim.

## B.    Deutsche Bank's Counterclaim

Deutsche Bank requests "an order authorizing foreclosure and declaration of its right to conduct a non-judicial foreclosure sale and [that it] is entitled to a judgment authorizing a foreclosure sale to be conducted under the terms of the Security Instrument, Texas Property Code § 51.002 and applicable law as well as a declaration of its right to foreclose on the Property." Dkt. No. 7 at 4. Deutsche Bank asserts that the summary judgment evidence and the caselaw support its right to this relief. *See Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014); *U.S. Bank Nat'l Ass'n v. Johnson*, 2017 WL 598499, at *2 (W.D. Tex. Feb. 14, 2017).[2]

In order for a Trustee "[t]o foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and

---

[2]A counterclaim for a declaratory judgment may be utilized to seek adjudication with respect to the validity and/or superiority of a lien. *Wilder v. Caliber Home Loans, Inc.*, 2020 WL 806961, at *13 (N.D. Tex. Jan. 29, 2020), report and recommendation adopted, 2020 WL 798360 (N.D. Tex. Feb. 18, 2020); *WFG Nat'l Title Ins. Co. v. Kavac Holding Co., LLC*, 2019 WL 636722, at *3 (S.D. Tex. Jan. 22, 2019) ("Lien superiority is properly determined in a Declaratory Judgment Act claim."); *Kingman Holdings, LLC v. Bank of America, N.A.*, 2011 WL 4431970, at *3-4 (E.D. Tex. Sept. 22, 2011) (concluding that the validity and superiority of a lien can be determined through a declaratory judgment action in federal court in Texas).

security instrument; and (4) plaintiffs received notice of default and acceleration." *Ford v. Bank of New York Mellon as Tr. for CWABS, Inc. Asset-Backed Certificates, Series 2007-2*, 2019 WL 7759097, at *2 (W.D. Tex. Nov. 15, 2019) (citing *Huston*, 988 F. Supp. 2d at 740); TEX. PROP. CODE § 51.002.   The uncontroverted summary judgment evidence establishes that:

- a debt exists, Dkt. Nos. 22-1, 22-2, and 22-3;

- the debt is secured by a lien created under TEX. CONST. ART. XVI, §50a(6) for a home equity loan, Dkt. No. 22-4;

- a default under the Deed of Trust exists, Dkt. No. 22-1;

- the requisite notices to cure the default under the Deed of Trust, TEX. PROP. CODE §51.002 and other applicable law have been provided and the payment obligations have been accelerated, Dkt. Nos. 22-1, 22-8 and 22-9;

- the Friedewalds are not members of the National Guard or United States Military and have not applied for relief under the provisions of the Soldier's and Sailor's Relief Act of 1940. Dkt. No. 23.

For these reasons, Deutsche Bank is entitled to summary judgment on its counterclaim. Deutsche Bank has established that as a matter of law that it is entitled to a declaratory judgment that it possesses the authority to foreclose on and sell the Property located at 26305 Countryside Drive, Spicewood, Texas 78669. The District Court should enter a declaratory judgment authorizing Deutsche Bank to proceed with foreclosure and sale of the Property. The District Court should further enter a declaratory judgment that Deutsche Bank is authorized to conduct a non-judicial foreclosure sale of the Property pursuant to the terms and conditions of the Security Instrument and in accordance with TEX. PROP. CODE §51.002 and TEX. CONST. ART. XVI §50 (a)(6).

## IV.  RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's Motion for Summary Judgment (Dkt. No. 22) be **GRANTED** as to the Friedewalds' claims and that those claims be **DISMISSED WITH PREJUDICE**. The Court **FURTHER RECOMMENDS** that the Defendant's Motion for Summary Judgment (Dkt. No. 22) be **GRANTED** as to Defendant's Counterclaims, and that the District Court enter a Declaratory Judgment stating:

> Deutsche Bank possesses the authority to foreclose on and sell the Property located at 26305 Countryside Drive, Spicewood, Texas 78669, and it may proceed with the foreclosure and sale of that Property.

> Deutsche Bank is authorized to conduct a non-judicial foreclosure sale of the Property pursuant to the terms and conditions of the Security Instrument and in accordance with TEX. PROP. CODE §51.002 and TEX. CONST. ART. XVI §50 (a)(6).

**Finally,** it is **ORDERED** that this case be **REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable Robert Pitman.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)©;

*Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs.*

*Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of June, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE